A. A. McCLANAHAN ET AL. V. WILLIAM B. DINGMAN.

FILED MAY 18, 1897. No. 7304.

Cross-Examination of Witness: ATTORNEYS' FEES: EVIDENCE. Where
the question at issue is whether attorneys' fees charged and re-
tained should have been restricted to ten per cent of the amount
collected, and the parties who employed the attorneys had testified
to that restriction, it was error, on cross-examination, to hold that
this witness could not be asked if said witness, at the time he had
been paid seventy-five per cent of the collection, had not said to
one of the attorneys who had made the collection, that witness
would not expect said attorney to do all the work for ten per cent,
that said attorney was the doctor, and furthermore, that witness
had accepted the proffered check for seventy-five per cent of the
said collection.

ERROR from the district court of Douglas county.
Tried below before KEYSOR, J. *Reversed.*

*George W. Cooper*, for plaintiffs in error.

*Will H. Thompson, contra.*

RYAN, C.

In his petition filed in the district court of Douglas
county William B. Dingman alleged that the defendants
therein were attorneys at law and were indebted to the
said Dingman in the sum of $83.05 for so much money
had and received of the receiver of the Omaha Hardware
Company for the use of said Dingman, which sum, it was
alleged, had not been paid, but was still due and owing.
There was an answer in which was admitted the aver-
ment that the defendants were attorneys at law. Every
other allegation of the petition was denied. There was
a verdict, followed by a judgment for the full amount
claimed in the petition, and the judgment defendants
have prosecuted this error proceeding.

There was no question made in the district court as
to the amount which had been collected for Dingman.
For their services in making this collection the attorneys

sued had retained and charged over and above ten per cent of such collection an amount equal to that sought to be recovered. The theory of Dingman was that there was an express contract which limited the compensation for making the collection to ten per cent of the amount collected in any event. The theory of the defendants was that ten per cent was to be the measure of their compensation, if the collection did not involve the necessity of a contest over the allowance of the claim to be collected; but if there was a contest, the fee was to be a reasonable fee in view of the required services. The receiver rejected the claim and it was necessary to establish its validity and amount in the district court. The contract of employment was made on behalf of Mr. Dingman by W. R. McCullough, who testified that there was to be paid in no event more than ten per cent of the amount collected. Mr. McCullough, as he admitted on cross-examination, was paid the amount of the collection by Mr. McClanahan less twenty-five per cent. There was then propounded this question, "Didn't you state to Mr. McClanahan at the time that you would not expect to do all of that work for ten per cent and accepted the check for seventy-five per cent and tell him he was the doctor, or words to that effect?" An objection that this question was incompetent, immaterial, and irrelevant was sustained, to which ruling the plaintiffs in error excepted. The defendant in error seeks to justify this ruling on the ground that the proposed evidence was entirely immaterial and irrelevant. The witness, Mr. McCullough, was the agent of Dingman in employing these attorneys to make the collection for Dingman. There was no question made that the authority of this agent was general with regard to this particular business. He had testified to his understanding of the terms on which he had intrusted this collection to McClanahan & Halligan, and he had admitted in his testimony that Mr. McClanahan, as full payment, had presented a check to him for an amount equal to seventy-five per cent of the

collection which had been made. The question above quoted was proper in this connection on cross-examination, for, if his answer had been in the affirmative, it would have been corroborative of the theory of the plaintiff in error, which was that the compensation under the circumstances had been fixed at no particular figure, but was to be simply reasonable. For the error in this ruling the judgment of the district court is

REVERSED AND REMANDED.